(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT - MOTOR VEHICLE TORT - **CONTRACT** -
EQUITABLE RELIEF - OTHER)

SERVICE COPY

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                     SUPERIOR COURT
                                                                 CIVIL ACTION
                                                                 NO. 16  0677

..........Plaistow Project, LLC.........., *Plaintiff(s)*

v.

..........Ace Property & Casualty Insurance.........., *Defendant(s)*
Company

Received
ACE
JUN 18 16
Incoming Legal

### SUMMONS

To the above-named Defendant: **Ace Property & Casualty Insurance Company**

You are hereby summoned and required to serve upon ..**Mark C. Rouvalis**.., plaintiff's attorney, whose address is **900 Elm Street, P.O. Box 326, Manchester, NH 03105-0326** an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, JUDITH FABRICANT, Esquire, at **Dedham** the **7th** day of **June**, in the year of our Lord two thousand and **sixteen**.

*Clerk.*

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION NO. _____

PLAISTOW PROJECT, LLC )
    Plaintiff, )
 )
v. )
 )
ACE PROPERTY & CASUALTY )
INSURANCE COMPANY )
    Defendant. )

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Plaistow Project, LLC, by and through its attorneys McLane Middleton, Professional Association, complains against the Defendant, ACE Property & Casualty Insurance Company, as successor in interest to Aetna Insurance Company, and states as follows:

### INTRODUCTION

This is to recover amounts due under various insurance policies. The Defendant has wrongfully refused to provide insurance coverage, which is provided for under the applicable insurance policies, for the judgment Plaintiff obtained in this Court against the Defendant's insured, State Line Laundry Services, Inc. ("State Line Laundry"). Plaintiff obtained judgment in the amount of $2,975,432.46, including attorneys' fees, costs and interest, against State Line Laundry in an action Plaintiff brought for liability and damages for all past and future expenses related to its response actions to perchlorethylene ("PCE") contamination at Plaintiff's property. The Plaintiff, which is the assignee of State Line Laundry's rights under the insurance policies, seeks payment of the judgment.

## PARTIES

1. Plaintiff, Plaistow Project, LLC ("Plaistow Project"), is a Massachusetts corporation located at 532 Page Street, Stoughton, Massachusetts 02072 and is the current owner of the land and buildings located in Haverhill, Massachusetts and Plaistow, New Hampshire known as the State Line Plaza. Plaistow Project is the assignee of State Line Laundry's rights under State Line Laundry's applicable insurance policies as set forth herein, including all policies issued to State Line Laundry between 1971 and 2000.

2. Defendant ACE Property & Casualty Insurance Company, on information and belief, has a business address of 436 Walnut St., P.O. Box 1000, Philadelphia, PA 19106. ACE Property & Casualty Insurance Company is the successor in interest to Aetna Insurance Company. On information and belief, ACE Property & Casualty Insurance Company was formerly known as CIGNA Property and Casualty Insurance Company, which, in turn, was formerly known as Aetna Insurance Company (hereinafter "ACE P&C").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action pursuant to M.G.L. c. 212, § 4, because no other court has original exclusive jurisdiction and the amount in controversy exceeds $25,000.

4. Venue is proper in Norfolk County pursuant to M.G.L. c. 223, § 8 and M.G.L. c. 214, § 5 because the Plaintiff's principal place of business is located in this County.

## FACTS COMMON TO ALL COUNTS

### The Underlying Case

5. In approximately 2002, Plaistow Project purchased the "State Line Plaza" (hereinafter the "Site" or "Plaza"). The Site is currently used as a retail shopping plaza and has

been since approximately 1960. The Site consists of a main building, located in Plaistow, New Hampshire, and a smaller building, located to the south and in Haverhill, Massachusetts. The smaller building also contains a vacant space where State Line Laundry formerly operated its dry-cleaning and laundry services from approximately 1971 to 2000. This building is informally known as the "Haverhill Building" and is known to be the primary location of PCE contamination at the Site.

6. As the result of investigation and sampling activities in the vicinity of the Haverhill Building, Plaistow Project's consultants concluded that the PCE contamination was caused by State Line Laundry's former dry-cleaning and laundry operations and that the source of this contamination is located beneath the front portion of the Haverhill Building and beneath the parking lot in front of the Haverhill Building. These locations are in the areas where State Line Laundry admitted that periodic accidental spills or leaks of PCE into the environment occurred when it offered dry cleaning services at the Site. The evidence showed likely accidental spills and releases by State Line Laundry during the years covered by policies issued by ACE C&P.

7. At the direction of the New Hampshire Department of Environmental Services and the Massachusetts Department of Environmental Protection, Plaistow Project has undertaken investigatory and remedial actions in response to the PCE contamination.

8. Plaistow Project filed a Complaint with this court on May 27, 2010, later amended on February 29, 2012 seeking, among other relief, contribution and reimbursement from State Line Laundry for all past and future expenses including attorney's fees, costs and other expenses related to its response actions to the PCE contamination at the Plaza.

9. Plaistow Project filed a Motion for Summary Judgment on its counts for negligence, strict liability and contribution against State Line Laundry, which was supported by affidavits establishing, among other things, liability and the past and future investigation and remediation costs. The Court, after considering all of the pleadings, depositions, answers to interrogatories, admissions and affidavits, found that there was no genuine issue of material fact and that Plaistow Project was entitled to summary judgment as a matter of law. On June 4, 2013, the Court entered Judgment in the amount of $2,088,881.00 plus reasonable attorneys' fees of $128,366.87 and an additional $758,184.59 in interest for a total judgment of $2,975,432.46. A copy of the Judgment is attached as Exhibit 1.

10. At numerous points during the litigation and prior to judgment being entered, State Line Laundry demanded ACE C&P provide a defense to the claims and indemnify State Line Laundry. ACE C&P refused.

## Insurance Policies Issued By The Defendant

11. Defendant ACE C&P issued insurance policies to State Line Laundry Services with the following policy numbers during the following periods:

| Policy Number | Period |
|---|---|
| BPP143421 | 11/27/80-81 |
| BPP 143421 | 11/27/81-82 |
| BPP 143421 | 11/27/82-83 |
| BPP DO864866-9 | 6/9/83-84 |
| BPP DO7044884 | 11/27/83-84 |

12. In addition, documents reflecting payment of the premium for the policy period of 1980 to 1981 states that the payment is for a renewal policy. It is therefore likely ACE C&P

issued an additional policy for the period of 1979 to 1980. Discovery will determine whether additional policies were issued to State Line Laundry.

13. Pursuant to these insurance policies, the Defendant is obligated to pay on behalf of State Line Laundry all sums that State Line Laundry shall become legally obligated to pay as damages because of property damage to which the insurance applies, caused by an "occurrence."

14. Despite notice and repeated demands, the Defendant failed and refused to assume the defense and failed to provide such indemnification to State Line Laundry, prior to State Line Laundry's assignment of its rights under the insurance policies.

15. As referenced above, by Agreement dated January 11, 2013, State Line Laundry assigned to Plaistow Project all of its rights under all of its insurance policies, existing for the period 1971 to 2000, including but not limited to all insurance policies with ACE P&C during that time period.

## COUNT I
### (Breach of Contract)

16. Plaistow Project incorporates each of the facts and allegations set forth in paragraphs 1 through 15 by reference as if set forth fully herein.

17. Plaistow Project obtained judgment against State Line Laundry.

18. Despite notice and demand upon the Defendant to provide State Line Laundry with a defense and indemnity with regard to the claims brought by Plaistow Project against State Line Laundry, the Defendant, without basis, failed and refused to assume the defense and has failed to provide such indemnification to State Line Laundry, in material breach of its obligations pursuant to the policies.

19. State Line Laundry has fully and timely performed all conditions precedent to the Defendant's obligations with respect to Plaistow Project's action against State Line Laundry pursuant to the policies.

20. State Line Laundry assigned to Plaistow Project all of its rights under all of its insurance policies, existing for the period 1971 to 2000, including but not limited to all insurance policies with ACE P&C during that time period.

21. The Defendant's aforesaid failure and refusal to provide a defense and indemnity to State Line Laundry and to pay the judgment obtained by Plaistow Project constitutes a breach of contract for which Plaistow Project, as the assignee of State Line Laundry's rights under the policies, is entitled to all damages for Defendant's breach.

## COUNT II

### (Breach of Implied Obligation of Good Faith)

22. Plaistow Project incorporates each of the facts and allegations set forth in paragraphs 1 through 21 by reference as if set forth fully herein.

23. State Line Laundry assigned to Plaistow Project all of its rights under all of its insurance policies, existing for the period 1971 to 2000, including but not limited to all insurance policies with ACE P&C during that time period.

24. The Defendant's aforesaid failure and refusal to provide a defense and indemnity to State Line Laundry and to pay the judgment obtained by Plaistow Project constitutes breaches of the Defendant's contractual implied obligation of good faith.

25. Plaistow Project, as the assignee of State Line Laundry's rights under the policies, is entitled to all damages suffered as a result of Defendant's breach.

## COUNT III
### (Unpaid Debt/Judgment)

26. Plaistow Project incorporates each of the facts and allegations set forth in paragraphs 1 through 25 by reference as if set forth fully herein.

27. State Line Laundry assigned to Plaistow Project all of its rights under all of its insurance policies, existing for the period 1971 to 2000, including but not limited to all insurance policies with ACE P&C during that time period.

28. The Defendant has failed to pay the amount due on the judgment Plaintiff obtained against State Line Laundry. As a result of which the Plaintiff, as the assignee of State Line Laundry's rights under the policies, has suffered damages in the amount of the judgment, plus reasonable attorneys' fees, interest and costs.

## COUNT IV
### (Violation of M.G.L. Chapter 176D)

29. Plaistow Project incorporates each of the facts and allegations set forth in paragraphs 1 through 28 by reference as if set forth fully herein.

30. M.G.L. Ch. 176D prohibits any person from engaging in the trade practice which is determined to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance, and allows a party damaged by such conduct to recover damages similar to those available for violation of M.G.L. Ch. 93A.

31. Defendant is subject to the provisions of M.G.L. Ch. 176D, §1, et seq. as it is registered to do business in the Commonwealth of Massachusetts.

32. As described herein, despite demand, Defendant has failed has unreasonably and willfully refused to provide a defense and indemnity to State Line Laundry and to pay the judgment obtained by Plaistow Project despite its obligation to do so.

33. Such conduct and/or inaction is an unfair and/or deceptive act and practice in the business of insurance in violation M.G.L. Ch. 176D, §1, et seq.

34. State Line Laundry assigned to Plaistow Project all of its rights under all of its insurance policies, existing for the period 1971 to 2000, including but not limited to all insurance policies with ACE P&C during that time period.

35. As a result, Plaintiff, as the assignee of State Line Laundry's rights under the policies, has suffered damages and is entitled to recover such damages and interest, recover up to treble the amount of such damages, and recover its attorney's fees and costs.

## PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

WHEREFORE the Plaintiff, Plaistow Project, LLC, respectfully requests this Court:

A. Enter judgment for the Plaintiff and against the Defendant on all Counts;

B. Award the Plaintiff damages, including multiple damages as determined at trial, plus interest and costs;

C. Award the Plaintiff its attorneys' fees; and

D. Grant such other and further relief as may be just and equitable.

Respectfully Submitted,

Plaistow Project, LLC
by its attorneys,

McLane, Middleton
Professional Association

Date: May 31, 2016

Mark C. Rouvalis (BBO # 552460)
900 Elm Street
P.O. Box 326
Manchester, New Hampshire 03105
Telephone (603) 625-6464

# EXHIBIT 1

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

Civil Docket **ESCV2010-01140B**

RE: Plaistow Project LLC v State Line Laundry Services Inc

TO: Mark C Rouvalis I, Esquire
McLane Graf Raulerson & Middleton
900 Elm Street
PO Box 326
Manchester, NH 03105-0326

## CLERK'S NOTICE

This is to notify you that in the above referenced case the Court's action on **06/04/2013**:

RE: Plaintiff Plaistow Project LLC's MOTION for Summary Judgment, as to Counts I, IV, V, VI and VII of the amended complaint; (9a) Statement of undisputed material facts pursuant to superior court rule 9A(b)(2); (9b) Plaintiff's memorandum of law in support of its motion for summary judgment as to liablitlity and damages of Counts I, IV, V, VI and VII in the amended complaint; (9c) Affidavit; (9d) Declaration of John Jemsek; (9e) Declaration of Marjorie Hession.

**is as follows:**

**Motion (P#9) There being no opposition, Allowed. Judgment shall enter for plaintiff on each of the enumerated counts in the amount of $2,088,881.00 (two million eighty eight thousand eight hundred eighty-one) plus reasonable attorneys fees of $128,366.87 on Counts VI and VII, plus costs and interest. Dated 6/3/13 (Maynard Kirpalani, Justice). Notices mailed 6/4/2013**

Dated at Salem, Massachusetts this 4th day of June, 2013.

Thomas H. Driscoll Jr.,
Clerk of the Courts

BY:

JoDee Doyle
Assistant Clerk

Telephone: (978) 462-4474

Copies mailed 06/04/2013

Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130 -- cvdresult_2.wpd 1184882 mottext doylejod

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# ESCV2010-01140

Plaistow Project LLC
vs.
State Line Laundry Services Inc

## SUMMARY JUDGMENT M.R.C.P. 56
## ON COUNTS I, IV, V, VI AND VII

This action came on to be heard before the Court, Maynard Kirpalani, Justice, presiding, upon motion of the plaintiff, Plaistow Project LLC, for Summary Judgment pursuant to Mass. R. Civ. P. 56- there being no opposition - and the Court having considered the *pleadings-depositions-answers to interrogatories-admissions- and affidavits, having found that there is no genuine issue as to material fact and that the plaintiff is entitled to a judgment as a matter of law on Counts I, IV, V, VI and VII.

It is **ORDERED and ADJUDGED:**

> That, on **Counts I, IV, V, VI and VII** of the complaint, the plaintiff, Plaistow Project, LLC., recover of the defendant, State Line Laundry Services, Inc., the sum of **$2,088,881.00** with interest from 05/27/2010 to 06/04/2013 in the amount of **$758,184.59**, plus **attorneys fees on Courts VI and VII** in the amount of **$128,366.76**, and its costs of action, as provided by law.

Dated at Newburyport, Massachusetts this 4th day of June, 2013.

By: _____
Assistant Clerk

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| PLAINTIFF(S): Plaistow Project, LLC | | COUNTY Norfolk |
| ADDRESS: 532 Page Street, Stoughton, MA 02072 | | |
| | DEFENDANT(S): | ACE Property & Casualty Insurance Company |
| | | 436 Walnut Street, P.O. Box 1000, Philadelphia, PA 19106 |
| ATTORNEY: Mark C. Rouvalis | | |
| ADDRESS: McLane Middleton, P.A. | ADDRESS: | 436 Walnut Street, P.O. Box 1000, Philadelphia, PA 19106 |
| 900 Elm Street, P.O. Box 326, Manchester, NH 03105-0326 | | |
| BBO: 552460 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A06 | Insurance Contract | F | [X] YES [ ] NO |

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............ $
2. Total doctor expenses .............. $
3. Total chiropractic expenses ........ $
4. Total physical therapy expenses .... $
5. Total other expenses (describe below) .... $
Subtotal (A): $

B. Documented lost wages and compensation to date .... $
C. Documented property damages to dated .............. $
D. Reasonably anticipated future medical and hospital expenses .... $
E. Reasonably anticipated lost wages ................. $
F. Other documented items of damages (describe below) .... $

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $ 2,975,432.46

Signature of Attorney/Pro Se Plaintiff: X *[signature]* Date: 5/24/16

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X *[signature]* Date: 5/24/16

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1- 88) | DOCKET NUMBER<br>1682CV00677 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|
| CASE NAME:<br>Plaistow Project, LLC vs. Ace Property & Casualty Insurance Company | | Walter F. Timilty, Clerk of Courts |
| TO: Mark C Rouvalis, Esq.<br>McLane, Graf, Raulerson & Middleton<br>900 Elm Street<br>PO Box 326<br>Manchester, NH 03105-0326 | | COURT NAME & ADDRESS<br>Norfolk County Superior Court<br>650 High Street<br>Dedham, MA 02026 |

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION**          **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 08/24/2016 | |
| Response to the complaint filed (also see MRCP 12) | | 09/23/2016 | |
| All motions under MRCP 12, 19, and 20 | 09/23/2016 | 10/24/2016 | 11/22/2016 |
| All motions under MRCP 15 | 09/23/2016 | 10/24/2016 | 11/22/2016 |
| All discovery requests and depositions served and non-expert despositions completed | 03/22/2017 | | |
| All motions under MRCP 56 | 04/21/2017 | 05/22/2017 | |
| Final pre-trial conference held and/or firm trial date set | | | 09/18/2017 |
| Case shall be resolved and judgment shall issue by | | | 05/28/2018 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>05/26/2016 | ASSISTANT CLERK | PHONE |
|---|---|---|

SCV026\ 11/2014

Date/Time Printed: 05-26-2016 15:26:08